IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE, AT NASHVILLE

| | | |
|---|---|---|
| BACKPAGE.COM, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:12-cv-000654 |
| | ) | |
| ROBERT E. COOPER, JR., Attorney General of | ) | |
| the State of Tennessee; and TONY CLARK; | ) | |
| BARRY STAUBUS; C. BERKELEY BELL; | ) | Judge Nixon |
| JAMES DUNN; MIKE FLYNN; RANDALL | ) | |
| NICHOLS; DAVE CLARK; WILLIAM PAUL | ) | Magistrate Judge Griffin |
| PHILLIPS; RUSSELL JOHNSON; STEVEN | ) | |
| BEBB; WILLIAM H. COX, III; J. MICHAEL | ) | |
| TAYLOR; RANDY YORK; MICKEY LAYNE; | ) | |
| TOM P. THOMPSON; WILLIAM WHITESELL; | ) | |
| CHUCK CRAWFORD; L. RAY WHITLEY; | ) | |
| JOHN W. CARNEY; VICTOR S. JOHNSON, | ) | |
| III; KIM HELPER; MIKE BOTTOMS; DAN M. | ) | |
| ALSOBROOKS; HANSEL MCCADAMS; | ) | |
| MIKE DUNAVANT; JAMES G. WOODALL; | ) | |
| THOMAS A. THOMAS; GARRY BROWN; | ) | |
| PHILLIP BIVENS; AMY P. WEIRICH; and | ) | |
| LISA ZAVAGIANNIS; Tennessee District | ) | |
| Attorneys for the 1st through 31st Judicial | ) | |
| Districts, respectively, | ) | |
| | ) | |
| Defendants, in their official | ) | |
| capacities. | ) | |
| | ) | |

**STIPULATION AND [PROPOSED] ORDER REGARDING SCHEDULE FOR
PLAINTIFF BACKPAGE.COM, LLC'S
MOTION FOR PRELIMINARY INJUNCTION**

**STIPULATON**

The parties, by and through their undersigned counsel, stipulate and agree as follows:

1.      On June 27, 2012, Plaintiff Backpage.com, LLC ("Backpage.com") filed a

Complaint and a Motion for Temporary Restraining Order and Preliminary Injunction, asserting

that Tennessee Public Chapter 1075 ("Pub. Ch. 1075") violates section 230 of the Communications Decency Act and the First and Fourteenth Amendments and Commerce Clause of the United States Constitution. (Dkt. Nos. 1, 2).

2.  The Office of the Tennessee Attorney General represents all Defendants in this action, has entered a Notice of Appearance on behalf of all Defendants, and has authority to enter into this Stipulation and Proposed Order on their behalf.

3.  The Court held a hearing in this matter on June 29, 2012. The Court asked the parties to work together to agree on a schedule for briefing and hearing on Backpage.com's Motion for Preliminary Injunction.

4.  Counsel thereafter conferred, as the Court requested. In these communications, Defendants' counsel repeated their commitment that Defendants would not bring any prosecution or otherwise take any action to enforce Pub. Ch. 1075 against Backpage.com, or its corporate parents (New Times Media LLC and Village Voice Media Holding, LLC), or its their officers, directors, employees or agents, with regard to any activities, actions or conduct of Backpage.com during the pendency of this action.

5.  Backpage.com contends that it has standing to assert constitutional challenges to Pub. Ch. 1075 in this action on behalf of other online service providers, publishers, Internet users, and the public as a whole, as well as itself. Accordingly, Backpage.com agrees to the schedule for its Motion for Preliminary Injunction as set forth below, contingent on the parties' agreement that nothing herein shall prejudice or waive Backpage.com's rights to assert such standing or to seek declaratory and/or injunctive relief on behalf of others.

6.  Defendants agree to the following schedule for Backpage.com's Motion for Preliminary Injunction based on the parties' agreement that nothing herein shall prejudice or

2

waive their rights to contest Backpage.com's standing to seek injunctive relief, except that Defendants agree that they will not assert or contend that Backpage.com's acceptance of the schedule without entry of a prior Temporary Restraining Order represents a concession or acceptance of Defendant's arguments in any regard.

       7.     Subject to the foregoing, the parties agree that the schedule for briefing and hearing on Backpage.com's Motion for Preliminary Injunction should be as follows (recognizing that the hearing date and time should be scheduled at the Court's convenience after the close of briefing, with the additional request that the hearing not be set for August 10, 2012, because of a conflict on that date for Plaintiff's counsel):

| | |
|---|---|
| Defendants' Opposition to the Motion due: | July 23, 2012 |
| Backpage.com's Reply on the Motion due: | August 6, 2012 |
| Hearing on the Motion: | August 9, 2012, 10:00 a.m. |

## [PROPOSED] ORDER

Based on the foregoing Stipulation, the Court ORDERS that the schedule for briefing and hearing on Plaintiff Backpage.com's Motion for Preliminary Injunction shall be as follows:

| | |
|---|---|
| Defendants' Opposition to the Motion due: | July 23, 2012 |
| Backpage.com's Reply on the Motion due: | August 6, 2012 |
| Hearing on the Motion: | August ___, 2012, at _____ a.m./p.m. |

SO ORDERED at ___ a.m./p.m. this _____ day of July, 2012.

_____

John T. Nixon
UNITED STATES DISTRICT JUDGE

Presented by:

s/ Craig L. Meredith
Lucian T. Pera  (Tenn. BPR No. 11641)
ADAMS AND REESE LLP
80 Monroe Avenue, Suite 700
Memphis, TN 38103
Telephone:  901-524-5278
Facsimile:  901-524-5378
Lucian.Pera@arlaw.com

Craig L. Meredith (Tenn. BPR No. 29506)
ADAMS AND REESE LLP
424 Church Street, Suite 2800
Nashville, Tennessee 37219
Tel:  (615) 259-1067
Fax: (615) 687-1508
Craig.Meredith@arlaw.com

James C. Grant (admitted pro hac vice)
Davis Wright Tremaine LLP
1201 Third Avenue, Suite 2200
Seattle, WA 98101
Telephone: 206/757-8096
Facsimile: 206/757-7096
jimgrant@dwt.com

*Attorneys for Plaintiff*

s/ Lyndsay F. Sanders
Michael A. Meyer (Tenn. BPR No. 9230)
Lyndsay F. Sanders (Tenn. BPR No. 22849)
Rachel Jrade-Rice (Tenn. BPR No. 29245, *application for admission pending)*
Office of the Attorney General
P.O. Box 20207
Nashville, TN 37202-0207
Telephone: (615) 741-3491
Facsimile: (615) 741-2009
Michael.Meyer@ag.tn.gov
Lyndsay.Sanders@ag.tn.gov
Rachel.Jrade-Rice@ag.tn.gov

*Attorneys for Defendants*

4

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been sent via the Court's CM/ECF system to all parties and counsel indicated on the electronic filing receipt. Copies may also be accessed through the Court's electronic filing system.

This 2nd day of July, 2012.

s/ Craig L. Meredith