IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BACKPAGE.COM, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 3:12-cv-00654 |
| v. | ) Judge Nixon |
| | ) Magistrate Judge Griffin |
| ROBERT E. COOPER, JR., et al., | ) |
| | ) |
| Defendants. | ) |

## AMENDED ORDER

Pending before the Court is Plaintiff Backpage.com, LLC's Motion to Convert Preliminary Injunction Order into Permanent Injunction and Final Judgment ("Motion"), requesting the Court enter summary judgment in its favor and convert the Court's previous Order granting a preliminary injunction against Tenn. Code Ann. § 39-13-315 into a permanent injunction. (Doc. No. 51.) Defendants have filed a Notice of No Opposition stating that they do not oppose the Motion. (Doc. No. 54.)

Summary judgment is rendered when "there is no genuine dispute as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A court will grant summary judgment if "the evidence is so one-sided that one party must prevail as a matter of law." *Lexington-South Elkhorn Water Dist. v. City of Wilmore*, 93 F.3d 230, 233 (6th Cir. 1996).

For a court to issue a preliminary injunction, it must consider and balance four factors: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by

1

issuance of the injunction." *Chabad of S. Ohio v. City of Cincinnati*, 363 F.3d 427, 432 (6th Cir. 2004) (citation and quotation marks omitted). Generally, "[t]he standard for a preliminary injunction is essentially the same as for a permanent injunction," except that a plaintiff must show actual success for a permanent injunction, rather than simply a likelihood of success on the merits. *Amoco Prod. Co. v. Vill. of Gambell*, 480 U.S. 531, 546 n.12 (1987); *see Am. Civil Liberties Union of Ky. v. McCreary Cnty.*, 607 F.3d 439, 445 (6th Cir. 2010). In addition, when a plaintiff seeks a permanent injunction, "[a]n evidentiary hearing typically is required before an injunction may be granted, but a hearing is not necessary where no triable issues of fact are involved." *United States v. Miami Univ.*, 294 F.3d 797, 815 (6th Cir. 2002) (citing *United States v. McGee*, 714 F.2d 607, 613 (6th Cir. 1983)).

Here, the Court held a hearing on Backpage.com's original Motion for Temporary Restraining Order and Preliminary Injunction (Doc. No. 2) on August 29, 2012. (Doc. No. 37.) After receiving supplemental briefing, the Court then issued an Order on January 3, 2013, temporarily enjoining the law and addressing each argument made by both Backpage.com and Defendants. (Doc. No. 45.) The Court found Backpage.com likely to succeed on all of its claims, specifically finding that Tenn. Code Ann. § 39-13-315 (1) is likely preempted by the federal Communications Decency Act of 1996 ("CDA"), which grants immunity to online publishers; (2) likely violates the First Amendment because it does not contain sufficient scienter; (3) likely violates the First Amendment because it is unconstitutionally vague; (4) likely violates the First Amendment because it is unconstitutionally overbroad; (5) likely violates the First Amendment because it is not narrowly tailored; and (6) likely violates the Commerce Clause. (*Id.* at 17–56.)

2

In its current Motion, Backpage.com asserts that, during a case management conference following the January 3 Order, Defendants' counsel "admitted the case does not present any fact issues, agreed that no discovery is needed, and acknowledged that the Court had decided all legal issues in the case in the prior Order." (Doc. No. 51 at 4.) According to Backpage.com, this led Magistrate Griffin to issue a scheduling order directing Backpage.com to file a motion to convert the preliminary injunction into a permanent one and for final judgment. (*Id.* at 4–5.)

Finding that no factual issues remain and that the January 3 Order addressed all the legal issues contained in Backpage.com's challenge to the state law, the Court finds it appropriate to enter judgment for Backpage.com and to convert the preliminary injunction into a permanent injunction. Accordingly, the Court **ADOPTS** all of its factual findings and legal conclusions conained in the January 3 Order into this Order, and **GRANTS** summary judgment for Backpage.com. As a result, Tenn. Code Ann. § 39-14-315 is permanently enjoined and judgment is entered for Backpage.com. The Court **DIRECTS** the Clerk to close the case.

It is so ORDERED.

Entered this __27th__ day of March, 2013.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT

3